**Sherman WHITE, Appellant,**

v.

**Crispus NIX; John Emmett; Bobby Washington; Mike Cutler; Willits Birdsell, Appellees.**

No. 92–3669.

United States Court of Appeals, Eighth Circuit.

Submitted June 18, 1993.

Decided Oct. 7, 1993.

Jeffrey P. Lipman, Urbandale, IA, for appellant.

Suzie A. Berregaard Thomas, Asst. Atty. Gen., Des Moines, IA, for appellees.

Before JOHN R. GIBSON, Circuit Judge, ROSS, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

ROSS, Senior Circuit Judge.

Sherman White, an Iowa penitentiary inmate, appeals from the district court's judgment denying him relief under 42 U.S.C. § 1983. 805 F.Supp. 721. We affirm.

White alleges, first, that various prison officials (defendants) violated his Eighth Amendment right to be free from cruel and unusual punishment by his placement and retention in a screened prison cell and, second, that his continued housing in the screened cell violated his Fourteenth Amendment due process rights.[1]

---

1. White also argued below that he was placed in the screened cell in retaliation for his filing of previous lawsuits, in violation of his First

White was confined in the screened cell following an altercation with another inmate and a subsequent dispute with a correctional officer on December 24, 1990. White was transferred from a general population cellhouse to cell I–1 of cellhouse 319, which is a lock-up cellhouse where inmates are housed pending investigations, during summary segregation, or while serving time for disciplinary infractions. White was issued a disciplinary notice on December 24, 1990, the same day he was placed in summary segregation.

On December 28, 1990, White was found guilty by the disciplinary committee of violating institutional rules as a result of his assaultive conduct. As punishment, he was given ten days of disciplinary detention and fifteen days of cell restrictions, to be served in a maximum security cellhouse. White filed an appeal of the disciplinary decision on December 28, 1990, which was denied on January 2, 1991.

On January 2, 1991, White was seen by the classification review committee, and for a second time requested to be removed from the screened cell. Defendant Washington informed White that he would attempt to get him transferred that day. White was transferred from cell I–1 to cell P–3, an open cell, on January 4, 1991. White remained in cell I–1 for a total of eleven days.

White contends the conditions he endured while in cell I–1 were so unsanitary as to constitute cruel and unusual punishment in violation of his Eighth Amendment rights. All the cells in cellhouse 319 are equipped with a toilet, a sink with hot and cold water, a bed and table, and each cell is wired for cable television. Unlike an open cell, the furniture in a screened cell is bolted to the floor and a screened wire mesh covers the bars of the cell. The screened cells are used to house inmates who present special security problems or who are thought to be suicidal. Following the trial, the magistrate judge[2] found that when a cell is vacated, prison personnel sanitize the mattress and pillow with bleach and remain responsible for

maintaining the cleanliness of the outside of the cell. However, while housed in screened cells, inmates are responsible for cleaning the inside of the cells and are provided with cleaning supplies in order to do so. The magistrate judge concluded that the condition of White's cell was not so unsanitary as to constitute a possible health hazard and found that, although the wire mesh of the cell did cut down on ventilation, the cell was not covered with a mixture of dried human fecal matter and food as White contended.

■ We affirm the district court's conclusion that the conditions of White's confinement did not constitute cruel and unusual punishment so as to deprive him of his Eighth Amendment rights. White is unable to show either that he was deprived of the "minimal civilized measure of life's necessities," *Wilson v. Seiter,* —— U.S. ——, ——, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991), or that the correctional officials acted with deliberate indifference. *Id.* —— U.S. at —— – ——, 111 S.Ct. at 2326–27. If White had complained about the conditions of the cell, he would have been provided with cleaning material in order to correct the alleged unsanitary conditions. Further, considering the relative brevity of White's stay in cell I–1, no Eighth Amendment violation occurred. *See Howard v. Adkison,* 887 F.2d 134, 137 (8th Cir.1989) ("[c]onditions, such as a filthy cell, may be tolerable for a few days and intolerably cruel for weeks or months").

■ We also reject White's argument that the 48–hour delay in transferring him from the screened cell to an open cell following exhaustion of his administrative appeals in the disciplinary process constituted a due process violation. In *Hewitt v. Helms,* 459 U.S. 460, 466–68, 103 S.Ct. 864, 868–69, 74 L.Ed.2d 675 (1983), the Supreme Court held that an inmate has no constitutional right to remain in the general prison population. As a result, the placement of an inmate in nonpunitive administrative segregation does not deprive him of a liberty interest protected by the Due Process Clause. Transfer within a

Amendment rights. This argument, however, has not been presented on appeal.

2. Pursuant to 28 U.S.C. § 636(c), the parties consented to trial of this matter before a United States Magistrate Judge.

prison is within the discretion of prison officials, unless state regulations place substantive limitations on the exercise of that discretion. *Kentucky Dept. of Corrections v. Thompson,* 490 U.S. 454, 461–62, 109 S.Ct. 1904, 1908–09, 104 L.Ed.2d 506 (1989). White has failed to produce any institutional or state regulation which requires inmates to be transferred from screened cells to open cells immediately after exhaustion of administrative remedies in disciplinary cases.

Accordingly, the judgment of the district court denying White relief is affirmed.