123 F.3d 1272
 25 Media L. Rep. 2211, 97 Cal. Daily Op. Serv. 6895,
97 Daily Journal D.A.R. 11,135
 Harlan L. JACOBSEN, Publisher of Single Scene, Personally
Speaking and Solo RFD, Plaintiff-Appellant,
v.
Larry BONINE, Director of the Arizona Department of
Transportation, as an individual, Defendant-Appellee.
 No. 95-17235.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 13, 1997.
Decided Aug. 27, 1997.
 
 Harlan L. Jacobsen, Scottsdale, AZ, pro se plaintiff-appellant.
 Peter C. Gulatto, Assistant Attorney General, Phoenix, AZ, for defendant-appellee.
 Appeal from the United States District Court for the District of Arizona; Stephen M. McNamee, District Judge, Presiding. D.C. No. CV-95-00278-SMM.
 Before SCHROEDER, and O'SCANNLAIN, Circuit Judges, and KELLEHER,* District Judge.
 SCHROEDER, Circuit Judge.
 
 
 1
 Plaintiff-Appellant Harlan L. Jacobsen is the publisher of several singles magazines. Jacobsen wishes to distribute his magazines via coin-operated newsracks at Arizona interstate highway rest stop areas. In refusing to authorize Jacobsen to sell his magazines at those locations, Defendant-Appellee Larry Bonine, director of the Arizona Department of Transportation ("ADOT"), explained to Jacobsen that he would not allow placement of Jacobsen's newsracks at state highway rest areas unless they were placed through Arizona's Business Enterprises Program, Services for the Blind. This would require Jacobsen to pay a fee or percentage of sales into a fund used to provide services and facilities to the blind.
 
 
 2
 Jacobsen claims that the fee requirement violates his First Amendment rights. The district court disagreed with Jacobsen and granted summary judgment to Bonine. We agree with the district court and, therefore, affirm.
 
 
 3
 Coin-operated newsracks are "vending machines". The Surface Transportation Assistance Act delegates authority to the states to "permit the placement of vending machines in ... rest areas, constructed or located on rights-of-way of the Interstate system in such State...." 23 U.S.C. § 111(b). If the state chooses to permit such placement, however, it must give priority to vending machines which are operated through the state licensing agency designated pursuant to the Randolph-Sheppard Act. Id. The Randolph-Sheppard Act provides that "[f]or the purposes of providing blind persons with remunerative employment" and "enlarging the economic opportunities of the blind ... blind persons licensed under the provisions of this chapter shall be authorized to operate vending facilities on any Federal property." 20 U.S.C. § 107(a). The Randolph-Sheppard Act also provides that "[i]n authorizing the operation of vending facilities on Federal property, priority shall be given to blind persons licensed by a State agency as provided in this chapter[.]" 20 U.S.C. § 107(b).
 
 
 4
 The state version of the Randolph-Sheppard Act, A.R.S. § 23-504, establishes Arizona's Business Enterprises Program, Services for the Blind, or "BEP." BEP is a unit of the Arizona Department of Economic Security, which is the state licensing agency authorized by section 23-504 to provide opportunities for legally blind persons to operate merchandising business facilities on state, county, and municipal property. See A.R.S. § 23-504; A.A.C. R6-4-301.
 
 
 5
 We have previously held that the Randolph-Sheppard Act is constitutional when it regulates First Amendment activities in a nonpublic forum. Jacobsen v. United States Post Office, 993 F.2d 649, 658-661 (9th Cir.1992) (as amended April 30, 1993). See Perry Educ. Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37, 103 S.Ct. 948, 74 L.Ed.2d 794 (1983) ("The existence of a right of access to public property and the standard by which limitations on such a right must be evaluated differ depending on the character of the property at issue."). Jacobsen compels us to hold that section 23-504, the state version of the federal statute, is also constitutional when it regulates expressive activity in a nonpublic forum.
 
 
 6
 Jacobsen's principal contention is that the perimeter walkways of the interstate rest areas, where he wishes to place his newsracks, are public fora and that the requirement that he pay a fee to BEP to distribute his magazines at those locations violates his First Amendment rights. Thus, the question is whether the sites at which Jacobsen wishes to place his newsracks are public or nonpublic fora. Public places "historically associated with the free exercise of expressive activities" such as streets, sidewalks, and parks, are considered public fora, yet not all publicly owned property becomes a public forum simply because the public is permitted to come and go at the site. United States v. Grace, 461 U.S. 171, 177, 103 S.Ct. 1702, 1707, 75 L.Ed.2d 736 (1983). "The government, 'no less than a private owner of property, has the power to preserve the property under its control for the use to which it is lawfully dedicated.' " Id. at 178, 103 S.Ct. at 1707 (quotation omitted).
 
 
 7
 Jacobsen claims that the perimeter walkways of interstate rest areas are public fora because sidewalks have traditionally been the quintessential public fora. See Grace, supra. These perimeter walkways, apparently bordering the parking area and facilities of the rest stop area, are not traditional sidewalks, accessible to and from general pedestrian traffic. They are accessible only by persons traveling in motor vehicles on interstate highways. Indeed, at least a plurality of the Supreme Court has held that not all walkways, even those accessible from ordinary sidewalks, are public fora. See United States v. Kokinda, 497 U.S. 720, 727, 110 S.Ct. 3115, 3120, 111 L.Ed.2d 571 (1990) (dealing with postal ingress/egress walkways). The opinion explained that the "[m]ere physical characteristics of the property [do not] dictate forum analysis[.]" Id. Rather, it is the "location and purpose" of the property and the government's subjective intent in having the property built and maintained, that is crucial to determining the nature of the property for forum analysis. Id. at 728-730, 110 S.Ct. at 3120-3121.
 
 
 8
 Like the ingress/egress walkways involved in Kokinda, the walkways at issue here do not have the characteristics of public sidewalks traditionally open to expressive activity. These walkways are integral parts of the rest stop areas, which are themselves oases from motor traffic.
 
 
 9
 The only circuit to consider whether interstate rest stop areas are public fora has concluded that they are not. Sentinel Communications Co. v. Watts, 936 F.2d 1189 (11th Cir.1991). Quoting Perry, supra, 460 U.S. at 45, 103 S.Ct. at 955, the Eleventh Circuit in Sentinel explained that as a component of the national Interstate System of Highways, a safety rest area is "hardly the kind of public property that has 'by long tradition or by governmental fiat ... been devoted to assembly and debate.' " Sentinel, 936 F.2d at 1203. That court further observed that rest stop areas are relatively modern creations that have "never existed independently of the Interstate System; they are optional appendages that are intended, as part of the System, to facilitate safe and efficient travel by motorists along the System's highways." Id. See generally, 23 U.S.C. §§ 101(b) and 103(e)(1). We agree.
 
 
 10
 For similar reasons, interstate rest areas are also not "designated" public fora which the government "intentionally" opened for public discourse. See Cornelius v. NAACP Legal Defense & Educ. Fund, 473 U.S. 788, 105 S.Ct. 3439, 87 L.Ed.2d 567 (1985). Although people may sit down and relax at interstate rest stop areas, to talk or read a newspaper, as a break from travel, the government did not dedicate the property for First Amendment activity. Sentinel, 936 F.2d at 1203-04. See also A Guide on Safety Rest Areas for the National System of Interstate and Defense Highways, AAASHO (1968) (explaining that as part of the scheme of the Interstate Highway System, "[r]est areas are to be provided ... as a safety measure ... with provisions for emergency stopping and resting by motorists for short periods[ ]"). The Guide specifically observes that while the rest areas "may be designed for short-time picnic use in addition to parking of vehicles for short periods[,] ... [t]hey are not to be planned for use as local parks." Sentinel, 936 F.2d at 1204. We agree with Sentinel 's reasoning, and further hold that the perimeter walkways of a rest area are also not public fora. They are an inseparable part of this " 'roadside facility safely removed from the traveled way with parking and such facilities for the motorist deemed necessary for his rest, relaxation, comfort and information needs.' " See Sentinel, 936 F.2d at 1203 (quoting Landscape and Roadside Development Guidelines, 23 C.F.R. § 752.3(a) (1990)). See also Jacobsen v. Howard, 109 F.3d 1268 (8th Cir.1997) (assuming without deciding that the district court correctly ruled that interstate rest stop areas were nonpublic fora).
 
 
 11
 Jacobsen's remaining claim is that the official in charge of granting or refusing permits to sell magazines at interstate rest stop areas has too much unchannelled discretion in administering BEP's unwritten permitting scheme, and that the system is facially violative of Jacobsen's First Amendment rights. See Sentinel, 936 F.2d at 1195-1200 (considering similar claim).
 
 
 12
 We do not address the merits of this claim, because Jacobsen has not brought it against the proper defendant. The BEP is administered by the Arizona Department of Economic Security, not by appellee Bonine, the director of the State Department of Transportation. Because Jacobsen did not sue the Department of Economic Security or the BEP official in charge, no claim challenging the constitutionality of BEP's administration of the program is properly before us.
 
 
 13
 AFFIRMED.
 
 
 
 *
 Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation