# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-2463WA

———————

Randy Leon Goldman,       *
     *
        Appellant,       *    On Appeal from the United
     *    States District Court
        v.       *    for the Western District
     *    of Arkansas.
B.J. Forbus, Jail Administrator;       *
Terry Rea, Sgt.; Tim Garrett,       *    [Not To Be Published]
Jailer; Israel Burgos,       *
     *
        Appellees.       *

———————

Submitted: May 25, 2001
Filed: July 26, 2001

———————

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG,
     Circuit Judges.

———————

PER CURIAM.

Randy Leon Goldman appeals the District Court's[1] judgment in his 42 U.S.C.
§ 1983 action following an evidentiary hearing. After reviewing the District Court's

———

[1]The Honorable Beverly Stites Jones, United States Magistrate Judge for the
Western District of Arkansas, to whom the case was referred for final disposition by
consent of the parties pursuant to 28 U.S.C. § 636(c).

factual findings for clear error and its conclusions of law de novo, see <u>Choate v. Lockhart</u>, 7 F.3d 1370, 1373 & n.1 (8th Cir. 1993), we affirm.

The evidence presented at the hearing shows that plaintiff spent two nights in a two-man cell with two other men and slept on a mattress on the floor.  The cell was so small that plaintiff was forced to position his mattress near the toilet so that urine was sprinkled on him when his cellmates used the toilet.  Plaintiff also spent four nights in an eight-man cell with ten other men, and again slept on a mattress on the floor.  We conclude these conditions of confinement were not so deplorable as to constitute unconstitutional punishment.  Plaintiff's stay in each cell was brief, he was allowed to leave the cells during the day, the record does not show that he suffered any physical harm from being housed in either cell, and when he complained about not having a bed, he was moved to a cell where he had one.  See <u>Smith v. Copeland</u>, 87 F.3d 265, 268-69 (8th Cir. 1996) (finding no Eighth Amendment or due process violation where pretrial detainee was subjected to overflowed toilet in his cell for four days; to prevail, plaintiff must show officers were deliberately indifferent to risk of harm posed by conditions).

The evidence also shows that plaintiff did not receive for three weeks certain medication prescribed for manic depression and paranoid schizophrenia.  Plaintiff saw a jail doctor (not a defendant) within five days of his arrest, and the jail doctor wrote on the medical request form that he would contact plaintiff's doctor and get the prescriptions.  Although there was a delay after that in obtaining the medication, the evidence does not show that the delay was attributable to any defendant, and instead the delay appears to have resulted from the jail doctor's oversight.  See <u>Estelle v. Gamble</u> , 429 U.S. 97, 104-05 (1976) (deliberate indifference includes intentional interference with prescribed treatment).  Further, plaintiff was charged $30 for a doctor's visit and for medication, but the record does not show that he was denied necessary medical care based on his inability to pay, see <u>Reynolds v. Wagner</u>, 128 F.3d 166, 173-75 (3d Cir. 1997); and we agree with the District Court that a wrongful

charge by itself is not the basis for a section 1983 claim, see <u>Hudson v. Palmer</u>, 468 U.S. 517, 530-37 (1984).

The record does show, and the District Court found, that the defendant jail administrator failed to ensure that plaintiff received a prompt probable-cause determination. Plaintiff argues that the Court abused its discretion in awarding him only nominal damages for this Fourth Amendment violation. See <u>County of Riverside v. McLaughlin</u>, 500 U.S. 44, 56 (1991); <u>Gerstein v. Pugh</u>, 420 U.S. 103, 114 (1975). We reject this argument. As the District Court noted, a judge found that probable cause supported the arrest, and we believe plaintiff failed to show any actual damages. See <u>Stevens v. McHan</u>, 3 F.3d 1204, 1207 (8th Cir. 1993) (standard of review); <u>Wayland v. City of Springdale</u>, 933 F.2d 668, 671 n.3 (8th Cir. 1991) (discussing when nominal damages are appropriate for <u>Gerstein</u> violation).

Finally, the evidence also shows that plaintiff was not arraigned until eighteen days after his arrest. We agree with the District Court that, in these circumstances, defendants did not deny plaintiff due process. <u>Cf.</u> <u>Coleman v. Frantz</u>, 754 F.2d 719, 724 (7th Cir. 1985) (where plaintiff was incarcerated for three weeks, protested his innocence, and asked to go to court, defendants violated his due process rights by not ensuring timely initial appearance).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-