# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2562

_____

| | | |
|---|---|---|
| Frank R. Owens, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Scott County Jail; Richard D. Huff, | * | |
| Major, | * | [PUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted:   January 7, 2003
Filed:   May 13, 2003

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MELLOY, Circuit
Judges.

_____

PER CURIAM.

Iowa inmate Frank Owens appeals the district court's grant of summary
judgment for defendants Scott County Jail (SCJ) and Major Richard D. Huff, chief
deputy at SCJ, in this 42 U.S.C. § 1983 action alleging unconstitutional conditions
of confinement. We affirm as to SCJ and reverse and remand as to Huff.

We review the grant of summary judgment de novo, affirming only when the
record does not show a genuine issue of material fact. See Smith v. Copeland, 87

F.3d 265, 267 (8th Cir. 1996). The evidence presented by the parties showed the following.

From July 24 to September 2, 1999, while a pretrial detainee at SCJ, Owens was housed in a one-man cell with another inmate. Because of the crowded condition, Owens had to sleep on a mattress on the floor approximately a foot and a half away from the toilet. When his cellmate would use the toilet at night, urine would splash onto Owens and his blankets. SCJ cleaned his blankets less than once a month. Owens alleged that this arrangement increased his risk of contracting diseases.

We affirm the grant of summary judgment as to SCJ, because county jails are not legal entities amenable to suit. See De La Garza v. Kandiyohi County Jail, 18 Fed. App. 436, 437 (8th Cir. 2001) (unpublished per curiam) (county jails are not amenable to suit); Dicken v. Ashcroft, 972 F.2d 231, 233 (8th Cir. 1992) (district court can be affirmed on any basis supported by record).

As a pretrial detainee, Owens's claims against Huff are analyzed under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). Huff violated Owens's due process rights if SCJ's conditions of confinement constituted punishment. Cf. id. at 536-39 (condition of pretrial detention that is reasonably related to legitimate government interests does not amount to punishment). Under the Fourteenth Amendment, pretrial detainees are entitled to "at least as great" protection as that afforded convicted prisoners under the Eighth Amendment. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983). Punishment that "deprive[s] inmates of the minimal civilized measures of life's necessities" is unconstitutional. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Hence, "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly

over a lengthy course of time." See Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989).

Although this court has not yet established a clear standard for determining when pretrial detention is unconstitutionally punitive, we have applied the Eighth Amendment "deliberate indifference" standard. See Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994); see also Smith, 87 F.3d at 268 n.4 (burden of showing constitutional violations is lighter for pretrial detainee than prisoners). While reviewing the totality of circumstances of Owens's confinement, see Smith, 87 F.3d at 268, we focus on the length of his exposure to unsanitary conditions and how unsanitary the conditions were, see Hutto v. Finney, 437 U.S. 678, 686-87 (1978) (filthy, overcrowded cell might "be tolerable for a few days and intolerably cruel for weeks or months"); Whitnack, 16 F.3d at 958 (length of time required for conditions to be unconstitutional decreases as level of filthiness increases).

Owens slept next to a toilet for roughly five weeks. The district court emphasized that Owens was "only in this situation for a limited time." Yet, five weeks is longer than other cases where we ruled that exposure to unsanitary conditions was not unconstitutional because of the brevity of exposure. See, e.g., Smith, 87 F.3d at 265 (no constitutional violations where pretrial detainee was confined in cell with overflowed toilet for four days); White v. Nix, 7 F.3d 120, 121 (8th Cir. 1993) (no constitutional violation where pretrial detainee was confined in unsanitary cell for eleven days); Goldman v. Forbus, 17 Fed. App. 487, 488 (8th Cir. 2001) (unpublished per curiam) (no constitutional violation where pretrial detainee slept six nights on floor next to toilet). Indeed, we have noted the need to be "especially cautious about condoning conditions that include an inmate's proximity to human waste." See Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990). Hence, we reverse the district court's ruling that Huff was entitled to judgment as a matter of law and remand for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.