# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-3716

_____

Harlan L. Jacobsen, doing business as    *
Country Singles, Single Scene, and    *
Jacobsen Distribution,    *
   *
       Plaintiff - Appellant,    *
   *   Appeal from the United States
      v.    *   District Court for the
   *   Northern District of Iowa.
Department of Transportation; State of    *
Iowa; Steven F. McMenamin, Rest    *   [PUBLISHED]
Area Administrator, in that capacity and    *
as an individual; Will Zitterich, Office    *
of Maintenance, DOT, in that capacity    *
and as an individual; Thomas J.    *
Vilsack, Governor, in that capacity and    *
as an individual; Mark Hunacek, as an    *
individual,    *
   *
       Defendants - Appellees.    *

_____

Submitted: March 16, 2006
Filed: May 15, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Harlan Jacobsen challenges the district court's[1] adverse grant of summary judgment, and the court's denial of reconsideration, in Jacobsen's suit alleging that defendants' policies relating to placement of his newspaper vending machines at Iowa highway rest areas violated the First Amendment. Named as defendants were the Iowa Department of Transportation (IDOT), Iowa Rest Area Administrator Steven F. McMenamin, Will Zitterich of the IDOT Office of Maintenance, Iowa Governor Thomas J. Vilsack, and Assistant Iowa Attorney General Mark Hunacek. We affirm.

Upon de novo review, see Owens v. Scott County Jail, 328 F.3d 1026, 1026 (8th Cir. 2003) (per curiam), we agree with the district court that Jacobsen's claims against Governor Vilsack and Attorney Hunacek fail: he failed to rebut defendants' evidence that neither of these defendants had anything to do with IDOT's newsrack policy, and as to the Governor, there was no evidence to suggest that supervisory liability applied. See Tlamka v. Serrell, 244 F.3d 628, 635 (8th Cir. 2001) (supervisory liability); Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999) (per curiam) (§ 1983 requires causal connection between defendant's conduct and plaintiff's constitutional deprivation).

Further, we agree with the district court that the claim against IDOT, and the official-capacity claims against McMenamin and Zitterich, fail on immunity grounds. See Robb v. Hungerbeeler, 370 F.3d 735, 739 (8th Cir. 2004) (official-capacity suit is treated as suit against government entity), cert. denied, 543 U.S. 1054 (2005); Doe v. Nebraska, 345 F.3d 593, 597 (8th Cir. 2003) (Eleventh Amendment provides states and state agencies with immunity from suits).

The individual-capacity claims against McMenamin and Zitterich and claims for injunctive relief also fail, because Jacobsen's First Amendment rights were not

---

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

violated. Specifically, based on the present record, we agree with the district court that the perimeter sidewalks at Iowa highway rest areas are nonpublic fora. <u>See</u> <u>Jacobsen v. Bonine</u>, 123 F.3d 1272, 1273-74 (9th Cir. 1997) (perimeter walkways at highway rest stops are nonpublic fora); <u>Sentinel Commc'ns Co. v. Watts</u>, 936 F.2d 1189, 1203 (11th Cir. 1991) (same). Accordingly, any government-imposed restrictions need only be reasonable and not an effort to suppress expression merely because of opposition to the speaker's views. <u>See</u> <u>Jacobsen v. Howard</u>, 109 F.3d 1268, 1272 (8th Cir. 1997). There is no evidence from which a jury could conclude that defendants' placement of Jacobsen's newsracks was anything other than content- and viewpoint-neutral, and reasonably tailored to meet the governmental interests in pedestrian safety and access. We also find that the district court did not abuse its discretion in denying reconsideration. <u>See</u> <u>Mathenia v. Delo</u>, 99 F.3d 1476, 1480-82 (8th Cir. 1996) (standard of review), <u>cert. denied</u>, 521 U.S. 1123 (1997).

Accordingly, we affirm. <u>See</u> 8th Cir. R. 47B.

_____

-3-