# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1560

_____

Curtis James Maxwell,                      *
                                           *
          Appellant,                       *
                                           * Appeal from the United States
     v.                                    * District Court for the
                                           * Northern District of Iowa.
Linn County Correctional Center,           *
                                           *      [UNPUBLISHED]
          Appellee.                        *

_____

Submitted: February 2, 2009
Filed: February 4, 2009

_____

Before WOLLMAN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

     In this 42 U.S.C. § 1983 action brought by Iowa inmate Curtis Maxwell (Maxwell) against the Linn County Correctional Center (LCCC), Maxwell appeals after the district court, citing the local rules, dismissed his complaint for failure to file a timely resistance to LCCC's motion to dismiss. We grant Maxwell's renewed motion for leave to proceed in forma pauperis on appeal and affirm on other grounds.

     Maxwell brought this action seeking damages and injunctive relief after he allegedly fell from an upper bunk bed at LCCC. LCCC moved to dismiss for failure to state a claim, and the district court granted LCCC's motion based on Maxwell's failure to file a resistance within the time limit specified by the local rules.

To the extent the district court dismissed the complaint on the merits based on Maxwell's failure to file a timely resistance under the local rules, we conclude the district court abused its discretion.  See Nw. Bank & Trust Co. v. First Ill. Nat'l Bank, 354 F.3d 721, 725 (8th Cir. 2003) (stating this court reviews for abuse of discretion the district court's application of local rules); Johnson v. Boyd-Richardson Co., 650 F.2d 147, 149 (8th Cir. 1981) (concluding the failure to comply with the local rule requiring an opposition to a motion to dismiss to be filed within five days "cannot be, standing alone, a ground sufficient to extinguish a claim on its merits" and the district court is free to consider the merits of a pending motion after the deadline for a response passes, but "[i]t remains the court's duty to inquire into the merits of the motion and to grant or deny it, as the case may be, in accordance with law and the relevant facts").  Nevertheless, we affirm the dismissal because we conclude Maxwell's complaint failed to state a viable claim.  See Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005) (explaining a dismissal may be affirmed "on any basis supported by the record"); Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003) (per curiam) (deciding "county jails are not legal entities amenable to suit").

The judgment is affirmed.

_____