# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1672
_____

James Michael Stickley

*Plaintiff - Appellee*

v.

Karl Byrd, Sheriff of Faulkner County, Arkansas; Torling, Officer, Faulkner
County Detention Center; Andrews, Lt., Faulkner County Detention Center;
Andrews, Officer, Faulkner County Detention Center; Childs, Officer, Faulkner
County Detention Center; Bobby Brown, Major, Faulkner County Detention
Center Administrator; John Randall, Captain, Faulkner County Detention Center
Assistant Administrator

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: November 16, 2012
Filed: January 14, 2013

_____

Before RILEY, Chief Judge, WOLLMAN and MELLOY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

James Stickley brought this action under 42 U.S.C. § 1983 against the Defendants,[1] alleging that his constitutional rights were violated while he was detained at Faulkner County Detention Center (FCDC). The district court granted the Defendants qualified immunity in part, but denied it as to Stickley's claim that the Defendants' refusal to give him adequate toilet paper violated the Fourteenth Amendment. We reverse.

I.

Stickley was detained and awaiting trial at FCDC from January 2010 until June 2010. Pursuant to FCDC's policy, Stickley was issued one roll of toilet paper each week. That policy provides, in relevant part:

> Personal hygiene items will be issued once a week. One roll of toilet tissue per week will be given to each detainee. You must have the empty spool before you will get another one. . . .

J.A. 29.

Each week, Stickley used his weekly allotment before the week's end. When he sought additional toilet paper, his requests were denied. Stickley filed a grievance form, complaining that his allotment was inadequate, to which Lieutenant Andrews responded: "Toilet tissue is issued every Wednesday[,] 1 roll per inmate. This is per Captain[']s orders." J.A. 26. When Stickley depleted his weekly roll of toilet paper before Wednesday, he showered to clean himself following a bowel movement. He often had to wait up to thirty minutes before being allowed to do so.

---

[1] For clarity, we refer to Sheriff Karl Byrd, Officer Torling, Lieutenant Andrews, Officer Andrews, Officer Childs, Major Bobby Brown, and Captain John Randall collectively as "Defendants."

Stickley brought this § 1983 action, alleging that the deprivation of additional toilet paper violated his Fourteenth Amendment right to adequate sanitation and personal hygiene. The district court denied qualified immunity to the Defendants on this claim, concluding that "a reasonable officer would understand that, in these circumstances, not providing additional toilet paper violated Stickley's right to reasonably adequate sanitation and personal hygiene during pretrial detention."[2] D. Ct. Order of Mar. 1, 2012, at 2-3.

## II.

We review *de novo* the district court's denial of qualified immunity, viewing the facts in the light most favorable to Stickley and drawing all reasonable inferences in his favor. See McCaster v. Clausen, 684 F.3d 740, 746 (8th Cir. 2012). "Summary judgment is appropriate if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Loch v. City of Litchfield, 689 F.3d 961, 965 (8th Cir. 2012) (quoting Fed. R. Civ. P. 56(a)).

## III.

"Qualified immunity shields a government official from liability and the burdens of litigation unless his conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Id. (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "On summary judgment, government officials possess qualified immunity unless (1) the facts plaintiff has shown amount to a violation of a constitutional right, and (2) the right violated was

---

[2]Stickley does not challenge the district court's grant of qualified immunity on his claim that the FCDC's policy of removing mattresses violated his constitutional rights.

clearly established when the alleged misconduct occurred." Williams v. Herron, 687 F.3d 971, 974 (8th Cir. 2012).

Because Stickley was a pretrial detainee at the time of the alleged constitutional violation, we analyze his claim under the Fourteenth Amendment rather than the Eighth Amendment. See Morris v. Zefferi, 601 F.3d 805, 809 (8th Cir. 2010). As a pretrial detainee, Stickley was entitled to "'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment." Owens v. Scott Cnty. Jail, 328 F.3d 1026, 1027 (8th Cir. 2003) (quoting City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)). "Under the Fourteenth Amendment, a pretrial detainee's constitutional rights are violated if the detainee's conditions of confinement amount to punishment." Morris, 601 F.3d at 809. Hence, pretrial detainees "are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." Beaulieu v. Ludeman, 690 F.3d 1017, 1045 (8th Cir. 2012) (quoting Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989)).

Stickley broadly asserts that the denial of adequate toilet paper violated his constitutional rights. We must, however, review the totality of the circumstances at issue. See Morris, 601 F.3d at 810 (explaining that "[i]n considering whether the conditions of pretrial detention are unconstitutionally punitive, we review the totality of the circumstances of a pretrial detainee's confinement"). Although Stickley exhausted his supply before receiving an additional roll the following week, he was not always without toilet paper. When he did run out of toilet paper, he was able to clean himself by taking a shower.

The Seventh Circuit has concluded that a prisoner's deprivation of toilet paper for five days, though "merit[ing] some management criticism," did not rise to the level of a constitutional violation. See Harris v. Fleming, 839 F.2d 1232, 1234-36 (7th Cir. 1988). This holding is consistent with our precedent. See Smith v. Copeland, 87 F.3d 265, 268-69 (8th Cir. 1996) (no constitutional violation where pretrial detainee was

subjected to overflowed toilet for four days); <u>Williams v. Delo</u>, 49 F.3d 442, 444-47 (8th Cir. 1995) (inmate's deprivation of clothes, running water, hygiene supplies, blanket, and mattress for four days did not violate inmate's Eighth Amendment rights). We conclude that, given the amount of toilet paper afforded him, the limited time in which he went without toilet paper, and his ability to attend to his hygiene needs at those times, Stickley's constitutional rights were not violated by the denial of additional toilet paper. <u>See, e.g.</u>, <u>Green v. Baron</u>, 879 F.2d 305, 310 (8th Cir. 1989) (noting that although detainees have a variety of rights, including rights to personal hygiene and sanitation, "[n]ot every deprivation . . . rises to the level of punishment under the due process clause").

Whether the denial of a request for additional toilet paper or similar hygiene items might in some circumstances constitute a constitutional violation is a question we need not resolve today. We hold only that, in the circumstances presented in this case, the Defendants' refusal to grant Stickley's request for additional toilet paper did not violate any clearly established right. Accordingly, the Defendants are entitled to qualified immunity.

IV.

The order denying qualified immunity is reversed, and the case is remanded to the district court for the entry of an appropriate order. We express our appreciation to appointed counsel for his zealous efforts on Stickley's behalf.

_____