United States Court of Appeals
For the Eighth Circuit

_____

No. 21-1672
_____

Lawrence Conrad LaDeaux

*Plaintiff - Appellant*

v.

Woodbury County Jail; Unknown Woodbury County Jail Staff

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Northern District of Iowa - Western
_____

Submitted: August 30, 2021
Filed: September 3, 2021
[Unpublished]
_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Lawrence LaDeaux appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. Upon de novo review, we affirm. See

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (standard of review; this court may affirm on any basis supported by record). We find that LaDeaux's claim against the Woodbury County Jail failed, as the Jail was not a legal entity subject to suit. See Owens v. Scott Cnty. Jail, 328 F.3d 1026, 1027 (8th Cir. 2003) (per curiam) (affirming grant of summary judgment to jail, as county jails are not legal entities amenable to suit). As to the claims against the unnamed Jail staff, the complaint stated only official-capacity claims, and thus raised claims only against Woodbury County itself. See Johnson, 172 F.3d at 535 (in order to sue public official in his individual capacity, plaintiff must expressly and unambiguously state so in pleadings; official-capacity suit against public employee is merely suit against public employer). As LaDeaux neither alleged nor presented evidence showing that the alleged denial of medical care was due to any county policy or custom, we conclude that summary judgment was proper. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (municipality may only be liable when constitutional violation at issue was committed pursuant to municipality's policy or custom); Johnson, 172 F.3d at 536 (affirming grant of summary judgment where plaintiffs failed to allege facts or produce evidence showing that alleged constitutional violation was result of county policy or custom).

The judgment is affirmed. See 8th Cir. R. 47B.

_____