# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2984
_____

Nersius Adonliel Artisani, also known as Roger Joseph Hoffert, Jr.

*Plaintiff - Appellant*

v.

State of Iowa; Captain Neff, Captain, Black Hawk County Jail; Lt. Braun, Black
Hawk County Sheriff's Office; Sergeant Paulsen, Black Hawk County Sheriff's
Office; Thompson, Sheriff, Black Hawk County

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: January 9, 2024
Filed: January 22, 2024
[Unpublished]

_____

Before BENTON, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Iowa pretrial detainee Nersius Artisani, formerly Roger Hoffert, appeals after the district court dismissed his pro se 42 U.S.C. § 1983 complaint. Having jurisdiction under 28 U.S.C. § 1291, this court affirms in part, reverses in part, and remands for further proceedings.

Initially, this court affirms the district court's dismissal of the State of Iowa as a defendant. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989) (Eleventh Amendment bars suit against state for alleged deprivation of civil liberties unless state waived immunity).

As to the remaining defendants, this court affirms the dismissal of Artisani's challenge to his segregation restrictions as unconstitutional conditions of confinement. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (in evaluating the constitutionality of conditions or restrictions of pretrial detention, the proper inquiry is whether they amount to punishment under the Due Process Clause); *Karsjens v. Lourey*, 988 F.3d 1047, 1052-53 (8th Cir. 2021) (regarding pretrial detainees, the prohibition against punishment encompasses conditions of confinement). Artisani claimed that in segregation he was denied commissary privileges, some cleaning supplies, and the right to attend substance abuse classes and religious services. We conclude, based in part on the grievance responses Artisani submitted, that these conditions did not amount to punishment. *See Beard v. Banks*, 548 U.S. 521, 533 (2006) (withholding privileges "is a proper and even necessary management technique to induce compliance with the rules of inmate behavior, especially for high-security prisoners who have few other privileges to lose"); *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) (if particular condition or restriction of pretrial detention is reasonably related to legitimate governmental objective, it does not, without more, amount to punishment; government has legitimate interests that stem from need to manage facility where individual is detained); *Stickley v. Byrd*, 703 F.3d 421, 424 (8th Cir. 2013) (citing sanitation-related deprivations that did not constitute constitutional violations); *Kemp v. Black Hawk Cnty. Jail*, No. C15-2094, 2017 WL 581316, at \*10 (N.D. Iowa Feb. 13, 2017) (because maximum security policies related to religious observance and access to reading materials furthered safety and security of jail, plaintiff's confinement in maximum security did not amount to constitutional punishment).

This court also affirms the dismissal of Artisani's claims that the restriction on attending classes and religious services violated the Americans with Disabilities

Act (ADA), and his right to equal protection. *See* 42 U.S.C. § 12101 (ADA protects individuals from being discriminated against because of a disability); *Nolan v. Thompson*, 521 F.3d 983, 989-90 (8th Cir. 2008) (for equal protection claim, plaintiff must prove defendants treated him differently from others similarly situated, without a rational basis); *Hosna v. Groose*, 80 F.3d 298, 305 n.10 (8th Cir. 1996) (finding no equal protection violation when restrictions on administrative segregation inmates' access to prison resources, such as classes, were reasonable due to safety concerns).

As to the dismissal of Artisani's claim that he was placed in segregation without due process on several occasions, it is not clear at this stage of the proceedings whether the placements amounted to punishment. *See Bell*, 441 U.S. at 535; *Hall v. Ramsey Cnty.*, 801 F.3d 912, 919 (8th Cir. 2015) (if plaintiff asserts defendants unconstitutionally placed him in seclusion as a form of punishment, court must examine whether the record supports a claim that defendants placed him in seclusion as "punishment" and not to serve a "legitimate governmental objective"). Thus, the court concludes that further proceedings are necessary as to this claim.

The judgment is affirmed as to the dismissal of the State of Iowa as a defendant, and as to Artisani's challenges to his conditions of confinement. The judgement is reversed as to the dismissal of his due process claim, and the case is remanded for further proceedings in accordance with this opinion. Artisani's pending appellate motions are denied.

_____