994 F.2d 548
 Carl FLETCHER, Plaintiff-Appellant,
v.
Marilyn BUTTS, RN; Stianche, MD, Defendants,
Cubb, MD, Defendant-Appellee,
Judy Hudson, RN, Defendant,
Fred King, Dr., Defendant-Appellee,
Dale Riley, Defendant,
Robert Schoenen, Defendant-Appellee,
Debbie Williams, Defendant,
Linda Overstreet, LPN, Defendant-Appellee,
Carl FLETCHER, Plaintiff-Appellant,
v.
Marilyn BUTTS, RN; Stianche, MD, Defendants,
Cubb, MD, Defendant-Appellee,
Judy Hudson, RN, Defendant,
Fred King, Dr., Defendant-Appellee,
Dale Riley, Defendant,
Robert Schoenen, Defendant-Appellee,
Debbie Williams, Defendant,
Linda Overstreet, LPN, Defendant-Appellee,
Dick Moore, Defendant.
 Nos. 93-1246, 93-1346.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 27, 1993.
Decided June 7, 1993.
 
 Carl Fletcher, pro se.
 Jeremiah, W. Nixon, Atty. Gen., Jefferson City, MO, for defendant-appellee.
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Carl Fletcher, a Missouri inmate, appeals from the district court's[1] order granting summary judgment in favor of defendant prison officials in this 42 U.S.C. § 1983 action. Fletcher alleged defendants were deliberately indifferent to his serious Achilles-tendon injury in violation of the Eighth Amendment.
 
 
 2
 We review a grant of summary judgment de novo and examine the record in the light most favorable to the nonmoving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir.1992). We agree with the district court that Fletcher did not submit sufficient evidence to create a genuine issue of material fact as to whether defendants were more than negligent, if they were negligent at all. The record contains abundant unrebutted evidence that defendants treated Fletcher's injury on the same day it occurred; they promptly responded to his continuing complaints of pain over seven months; and they prescribed corticosteroid medication and pain-killers consistent with conservative treatment. Dr. Robert Schoenen denied referrals to a specialist based on his professional opinion that tendinitis would respond to conservative treatment with time.
 
 
 3
 Fletcher also failed to submit sufficient evidence to create a genuine issue of material fact as to whether he needed immediate surgery after an orthopedist recommended exploratory surgery, and whether the one-month delay between the recommendation and surgery was unreasonable. The orthopedist did not state emergency surgery was necessary, and Fletcher did not dispute that defendants prescribed pain-killers for him in December and early January while he waited for surgery. Fletcher's reliance on DeGidio v. Pung, 920 F.2d 525, 529-33 (8th Cir.1990), is misplaced because the conduct at issue here was not sufficiently egregious to establish deliberate indifference. We reject as meritless Fletcher's other arguments on appeal.
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri