9 F.3d 114
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Andrew Ronald AKRIDGE, Appellant,
v.
Dr. Unknown KING; Dr. Unknown Hampton; Dr. Unknown
Cayabyab; John Doe, I; John Doe, II, Appellees.
 No. 93-2291.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 3, 1993.
Filed: November 4, 1993.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Andrew Ronald Akridge, a Missouri inmate, appeals from the district court's[1] order granting summary judgment in favor of defendants in this 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Akridge filed a verified complaint, pro se, against Dr. King and Dr. Hampton of the Moberly Correctional Center; Dr. Cayabyab of the Missouri Eastern Correctional Center; John Doe I, a urologist; and John Doe II, a physician. Akridge claimed that defendants violated his Eighth and Fourteenth Amendment rights by acting with deliberate indifference to his serious medical needs of sinusitis and epididymitis, as evidenced by continuous ineffective treatment and denial of pain medications.
 
 
 3
 Defendants filed a joint motion for summary judgment claiming that they were not deliberately indifferent to Akridge's medical needs. In support, defendants submitted sixty-one exhibits of prison medical records detailing that defendants treated Akridge often for his ailments and prescribed various medications, including pain relievers such as Tylenol, Naprosyn, and Motrin. The exhibits indicated that defendants referred Akridge to specialists and, upon their recommendation, Akridge underwent surgery for his diagnosed epididymitis. The exhibits also showed multiple occasions when Akridge did not show up for scheduled medical appointments.
 
 
 4
 The magistrate judge recommended granting the motion for summary judgment. Based on defendants' exhibits, the magistrate judge found fifty undisputed instances of medical treatment given to Akridge. The magistrate judge also found that defendants did not delay surgery and that Akridge did not present evidence showing inadequate treatment. The district court adopted the magistrate judge's recommendation to grant summary judgement for defendants because of Akridge's failure to establish deliberate indifference.
 
 
 5
 To violate the Eighth Amendment, prison officials must act with deliberate indifference to the inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). The denial of medical care must amount to an unnecessary and wanton infliction of pain. Givens v. Jones, 900 F.2d 1229, 1232 (8th Cir. 1990).
 
 
 6
 Akridge's attestations amount to no more than a disagreement over the course of treatment. See Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990). Akridge did not submit evidence to rebut medical records showing that defendants treated Akridge promptly, continued to treat his ailments with various medications, referred him to specialists, and followed recommendations of specialists. See Fletcher v. Butts, 994 F.2d 548, 549 (8th Cir. 1993) (per curiam). Neither did Akridge submit any evidence suggesting intentional maltreatment or refusal to provide essential care. See Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir. 1990).
 
 
 7
 Akridge's argument that summary judgment requires expert testimony lacks merit because Akridge never filed a Fed. R. Evid. 706 motion for appointment of an expert witness, and the district court based its judgment upon review of Akridge's medical records. See id. at 93-94.
 
 
 8
 Akridge asserts for the first time on appeal that defendants denied his requests for a second operation. This court need not consider Akridge's allegations for the first time on appeal, as he has not shown that manifest injustice will otherwise result. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985).
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Catherine D. Perry, United States Magistrate Judge for the Eastern District of Missouri