50 F.3d 496
 Willie C. SHERRER, Appellant,
v.
A. STEPHENS, Infirmary Supervisor, Individually and in
Official Capacity, Delta Regional Unit, Arkansas Department
of Correction; M. Hansburg, LPN, Individually and in
Official Capacity, Delta Regional Unit, Arkansas Department
of Correction; R. Bea, LPN, Individually and in Official
Capacity, Delta Regional Unit, Arkansas Department of
Correction; Dr. Thomas, Individually and in Official
Capacity, Delta Regional Unit, Arkansas Department of
Correction, Appellees.
 No. 94-2248.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 11, 1994.
Decided Nov. 23, 1994.
 
 Willie C. Sherrer, Plaintiff-Appellant pro se, Dermott, AR.
 Alan R. Humphries, James Michael Lewis, Humphries Law Firm, Pine Bluff, AR, for defendants-appellees.
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Willie Sherrer, an Arkansas inmate, appeals the district court's[1] grant of summary judgment to defendant prison medical staff members in this 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Sherrer alleged defendants violated the Eighth Amendment because they were deliberately indifferent in treating his broken index finger. We review a grant of summary judgment de novo, viewing the evidence in light most favorable to the non-moving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir.1992). We agree with the district court that Sherrer failed to submit sufficient evidence to create a genuine issue of material fact as to whether defendants were deliberately indifferent to Sherrer's medical needs. See Fed.R.Civ.P. 56(c); Fletcher v. Butts, 994 F.2d 548, 549 (8th Cir.1993) (per curiam). The record shows that Sherrer received painkillers, instructions to apply ice and to perform motion therapy on the finger, and x-rays. Once Dr. Thomas diagnosed the injury, Sherrer was examined by orthopedists.
 
 
 3
 Although delays occurred in Sherrer's initial examination by Dr. Thomas, and in executing Thomas's orders for x-rays and an orthopedic examination, we do not believe Sherrer submitted sufficient evidence that defendants ignored "an acute or escalating situation" or that the delays adversely affected his prognosis, given the type of injury in this case. See Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir.1990); White v. Farrier, 849 F.2d 322, 327 (8th Cir.1988) ("[p]hysicians are entitled to exercise their medical judgment"). While the course of treatment was conservative, Sherrer's allegations, do not rise to the level of deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 107, 97 S.Ct. 285, 292-93, 50 L.Ed.2d 251 (1976) (neither matters of medical judgment nor negligence is sufficient to maintain Sec. 1983 action for deliberate indifference).
 
 
 4
 We find Sherrer's desire for a replacement joint instead of fusion surgery is merely a disagreement with the course of medical treatment and does not state a constitutional claim. See Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir.1990). Sherrer's objection to the magistrate judge's handling of his case pursuant to 28 U.S.C. Sec. 636(b) without his consent is meritless. See McCarthy v. Bronson, 500 U.S. 136, 139-40, 111 S.Ct. 1737, 1740-41, 114 L.Ed.2d 194 (1991).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas