_____

No. 95-4084
_____

Joe L. Bumgarner,                     *
                                      *
          Appellant,                  *
                                      *
     v.                               *
                                      *
L. E. Lagrone, Warden,                *
Diagnostic Unit, Arkansas             *
Department of Correction,             *
                                      *
          Appellee,                   *
                                      *
Walter Brannon, Diagnostic            *
Unit, Arkansas Department             *   Appeal from the United States
of Correction; Phil Forslund,         *   District Court for the
Diagnostic Unit, Arkansas             *   Eastern District of Arkansas.
Department of Correction,             *
                                      *        [UNPUBLISHED]
          Defendants,                 *
                                      *
Dermott Dunne, Dr.,                   *
                                      *
          Appellee,                   *
                                      *
Susan Jensen, Diagnostic Unit,        *
Arkansas Department of                *
Correction,                           *
                                      *
          Defendant.                  *

_____

          Submitted:  December 20, 1996

              Filed:  December 27, 1996
_____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

Joe L. Bumgarner, an Arkansas inmate, appeals from the district court's[1] grant of summary judgment to defendants in his 42 U.S.C. § 1983 action. Bumgarner, a permanently medically disabled inmate, claimed an Eighth Amendment violation based on his transfer to a different unit where he was allegedly denied adequate medical care. Reviewing de novo, Earnest v. Courtney, 64 F.3d 365, 366-67 (8th Cir. 1995) (per curiam), we conclude the district court properly granted defendants summary judgment, see Cornell v. Woods, 69 F.3d 1383, 1387-88 (8th Cir. 1995) (no constitutional right to remain in particular institution; prison officials may transfer inmate for any non-retaliatory reason); cf. Fletcher v. Butts, 994 F.2d 548, 549 (8th Cir. 1993) (per curiam) (unrebutted evidence that defendants treated injured inmate and responded to continued complaints of pain was sufficient for summary judgment). Even assuming that Bumgarner's appointed counsel failed to represent him diligently in the district court, there is no constitutional right to effective assistance of counsel in a civil case. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerry W. Caveneau, United States Magistrate Judge for the Eastern District of Arkansas.