# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1291

_____

William Thompson,                                    *
                                                     *
                    Appellant,                        *
                                                     *
        v.                                           *
                                                     *
Adam Smith, Infirmary Manager,                       *
Cummins Unit, Arkansas Department                    *
of Correction; Doctor Rhodes,                        *
Cummins Unit, Arkansas Department     *   Appeal from the United States
of Correction; Doctor Guy, Cummins    *   District Court for the Eastern
Unit, Arkansas Department of          *   District of Arkansas.
Correction; Nurse Baggit, LPN,                       *
Cummins Unit, Arkansas Department     *      [UNPUBLISHED]
of Correction; Doctor Michael Young,                 *
Cummins Unit, Arkansas Department                    *
of Correction, originally sued as                    *
"Young"; Jacqueline Streeter, Nurse,                 *
Cummins Unit, Arkansas Department                    *
of Correction, originally sued as                    *
"Streeter,"                                          *
                                                     *
                    Appellees.                        *

_____

Submitted:  June 27, 2000

Filed:  July 3, 2000

_____

Before WOLLMAN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Prisoner William Thompson appeals an adverse grant of summary judgment in his 42 U.S.C. § 1983 action against Registered Nurse Jacqueline Streeter, Staff Physician Michael Young, and Infirmary Supervisor Adam Smith for deliberate indifference to his medical needs in failing to monitor his diabetes through daily administration of finger stick glucose tests. Because Young chose to use an alternate test, which he believed to be more accurate and beneficial in treating Thompson's condition, see Sherrer v. Stephens, 50 F.3d 496, 497 (8th Cir. 1994) (per curiam) (disagreement with course of medical treatment does not state constitutional claim), Streeter did not treat Thompson or have authority to control glucose testing, see Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (defendant must be causally linked to and directly responsible for deprivation of rights to be liable under § 1983), and Smith was merely an administrative employee who did not provide medical treatment, see id., summary judgment was properly granted to all defendants and we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-