# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3699

_____

| | | |
|---|---|---|
| David Hugh Williams, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Terry Campbell, Warden, Maximum | * | |
| Unit, Arkansas Department of | * | |
| Correction; Tom Pitts, Former Assistant | * | |
| Warden, Maximum Security Unit, | * | |
| Arkansas Department of Correction; | * | |
| Billy Taylor, Former Unit Manager, | * | |
| Arkansas Department of Correction; | * | Appeal from the United States |
| McIntosh, Mr., Classification | * | District Court for the |
| Officer, Arkansas Department of | * | Eastern District of Arkansas. |
| Correction; Shelton, Lt., Arkansas | * | [UNPUBLISHED] |
| Department of Correction; D. Creason, | * | |
| Arkansas Department of Correction; | * | |
| John Does, Classification Committee | * | |
| Members, Maximum Security Unit, | * | |
| Arkansas Department of Correction; | * | |
| Pippin, Mr., Arkansas Department of | * | |
| Correction; David Guntharp, | * | |
| Deputy Director, Arkansas Department | * | |
| of Correction; Larry Norris, | * | |
| Director, Arkansas Department of | * | |
| Correction, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:   November 6, 2001

Filed:   December 6, 2001
_____

Before WOLLMAN, Chief Judge, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.
_____

PER CURIAM.

Arkansas prisoner David Hugh Williams appeals the district court's[1] dismissal after an evidentiary hearing of his 42 U.S.C. § 1983 action. Williams alleged that defendants--all prison officials--violated his constitutional rights by searching his cell, seizing his personal property, delaying in returning some of the seized property, and housing him in administrative segregation. We affirm.

As an initial matter, we conclude that the district court did not abuse its discretion in denying Williams leave to amend his complaint to add a retaliation claim and more defendants, see Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998), and in not permitting Williams to call witnesses whose testimony would have been cumulative to his, see Salaam v. Lockhart, 856 F.2d 1120, 1124 (8th Cir. 1988).

Upon de novo review, see Randle v. Parker, 48 F.3d 301, 303 (8th Cir. 1995), we conclude that dismissal was appropriate. The search of Williams's cell did not violate the Fourth Amendment. See Hudson v. Palmer, 468 U.S. 517, 529-30 (1984) (prisoners have no legitimate expectation of privacy in prison cell, and thus Fourth

_____

[1]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Amendment proscription against unreasonable searches does not apply to prison cells). Defendants' failure to return the property they seized during the search did not violate Williams's Fourteenth Amendment rights. See id. at 536 (when state actor deprives individual of personal property, individual does not have § 1983 claim if state law provides adequate post-deprivation remedy); Ark. Code Ann. § 19-10-204(a) (Michie 1998 & Lexis-Nexis Supp. 2001) (vesting Arkansas State Claims Commission with "exclusive jurisdiction over all claims against the State of Arkansas and its several agencies, departments and institutions"). Williams failed to show an Eighth Amendment violation based on the seizure of his medically prescribed cotton blankets and boots. See Sherrer v. Stephens, 50 F.3d 496, 496-97 (8th Cir. 1994) (per curiam) (inmate who alleged constitutional violation based on delay in treating broken finger did not submit sufficient evidence that defendants were deliberately indifferent or that delay adversely affected his prognosis). Finally, Williams testified to receiving sixty-day reviews after which prison officials recommended that his administrative-segregation confinement be continued.

The judgment is affirmed. We deny Williams's motions on appeal for mandamus and injunctive relief, as well as his request to add appellees.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-