# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1192

———————

Kenneth L. Busch,
        Appellant,

v.

Carl Morris; David Sipes; Larry
Hagslag; Dale Kemna,

        Appellees.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri.
\*
\*       [UNPUBLISHED]
\*
\*

———————

Submitted: July 6, 2004
Filed: July 26, 2004

———————

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Kenneth Busch, a Missouri inmate, appeals from the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action, in which he alleged, inter alia, that defendants were deliberately indifferent to his safety when they required him to use a drill press to cut holes in wood thicker than 1 inch; that defendants were deliberately indifferent to his serious medical needs when they made him walk to the

———————

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

prison's medical facility after he was injured; and that one defendant retaliated against him for filing this action.

Upon de novo review, see Anderson v. Larson, 327 F.3d 762, 767 (8th Cir. 2003), we conclude that the district court properly granted summary judgment to defendants. First, even if defendants knew inmates could be injured from using wood thicker than 1 inch in the drill press, this knowledge was insufficient to find defendants were deliberately indifferent to a serious issue of workplace safety. See Stephens v. Johnson, 83 F.3d 198, 201 (8th Cir. 1996); Warren v. Missouri, 995 F.2d 130, 131 (8th Cir. 1993). Second, even if Busch had to walk up many stairs before receiving medical attention, he admitted that he suffered no adverse consequences from this journey, and there is no evidence that his condition worsened because of the delay. See Sherrer v. Stephens, 50 F.3d 496, 497 (8th Cir. 1994) (per curiam) (no liability for delay in medical treatment unless defendant ignored acute or escalating situation, or unless delay adversely affected prognosis). Third, the retaliation claim failed because evidence in the record shows that Busch lost his furniture factory job, some visitation privileges, and his housing assignment after he was found guilty of a conduct violation. See Moore v. Plaster, 266 F.3d 928, 931 (8th Cir. 2001) (prisoner's claim of retaliatory discipline fails if conduct violation is supported by some evidence that inmate actually committed rule violation), cert. denied, 535 U.S. 1037 (2002). We find no reversible error in the district court's other rulings.

Accordingly, we affirm. See 8th Cir. R. 47A(a).

_____