# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1473

_____

Tyrone Buckley,                              *
                                             *
            Appellant,                       *
                                             *    Appeal from the United States
     v.                                      *    District Court for the
                                             *    Eastern District of Missouri.
Correctional Medical Services, Inc.;         *
Unknown Hallazgo, Dr.; Gary                  *    [UNPUBLISHED]
Campbell, Dr.,                               *
                                             *
            Appellees.                       *

_____

Submitted: March 7, 2005
Filed: March 16, 2005

_____

Before BYE, RILEY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Former Missouri inmate Tyrone Buckley appeals the district court's[1] adverse
grant of summary judgment as to Correctional Medical Services, Inc. (CMS) in his
42 U.S.C. § 1983 action. In the lawsuit, Buckley claimed that CMS had been
deliberately indifferent to his serious medical need in that recommended elbow

_____

[1]The Honorable E. Richard Webber, United States District Judge for the
Eastern District of Missouri.

surgery had been repeatedly cancelled and delayed.[2] Following our de novo review, we conclude that summary judgment as to CMS was proper. See Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (standard of review).

While the twenty-month delay in scheduling the surgery once it was recommended is troubling, the record shows that the delay was due to staff members' misunderstanding and miscommunication concerning the scheduling process and failure to follow through--not to a CMS policy or action, or to an action by those representing CMS official policy. See Burke v. N.D. Dep't of Corr. & Rehab., 294 F.3d 1043, 1044 (8th Cir. 2002) (per curiam) (corporate liability under § 1983). Further, although Buckley testified that he experienced some pain, he did not counter the testimony of two CMS physicians that the surgery was elective and not a medical emergency, and he admitted that no one had told him the delay was detrimental. See Sherrer v. Stephens, 50 F.3d 496, 496-97 (8th Cir. 1994) (per curiam) (to show deliberate indifference, plaintiff must submit evidence that, inter alia, defendants ignored acute or escalating condition, given type of injury in his case).

Accordingly, we affirm.

_____

_____

[2]Buckley named other defendants, but on appeal he is challenging the ruling only as to CMS.