# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3859

_____

| | | |
|---|---|---|
| Scott A. Crow, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Marty Montgomery, Individually and | * | District Court for the Eastern |
| as Sheriff of Faulkner County, | * | District of Arkansas. |
| Arkansas; Kyle Kelly, Individually | * | |
| and as Administrator of the Faulkner | * | |
| County Detention Center; | * | |
| Lieutenant Gene Stephens, | * | |
| Individually and in his official capacity | * | |
| as Disciplinary Officer for the | * | |
| Faulkner County Detention Center, | * | |
| | * | |
| Appellants. | * | |

_____

Submitted: September 17, 2004
Filed: April 12, 2005

_____

Before LOKEN, Chief Judge, BEAM and SMITH, Circuit Judges.

_____

BEAM, Circuit Judge.

Scott A. Crow brought this 42 U.S.C. § 1983 and 42 U.S.C. § 1988 civil rights action against officials of Faulkner County Detention Center (FCDC), alleging violations of the Fifth, Eighth, and Fourteenth Amendments to the United States

Constitution. Appellants Marty Montgomery, Sheriff of Faulkner County; Kyle Kelly, jail administrator of the FCDC; and Gene Stephens, lieutenant and disciplinary officer for the FCDC (collectively referred to as "FCDC officials") moved for summary judgment based upon qualified immunity. The district court denied the motion, finding genuine issues of material fact existed and therefore the FCDC officials were not entitled to summary judgment on their qualified immunity defense. The FCDC officials now appeal that ruling. We reverse and remand.

## I.    BACKGROUND

In June 2001, Crow surrendered himself to the custody of the FCDC after violating his probation. Crow, a nonviolent offender, expected to be released on bond the next morning. FCDC placed Crow in cell 305, which consisted of a day room and two bedroom cells. Shortly thereafter, two inmates in cell 305 punched Crow and broke his jaw.[1] FCDC personnel removed Crow from the cell and took him to a local hospital for emergency treatment. Crow's jaw was surgically repaired and he remained in the hospital for several days.

In the ensuing litigation, Crow sued the FCDC officials in their individual and official capacities. Crow alleged that the FCDC was unreasonably dangerous due to chronic overcrowding and that the FCDC officials knew it. Crow also alleged that the FCDC officials exacerbated the already unsafe conditions by operating with insufficient staff who were inadequately trained and supervised. Finally, Crow alleged that the FCDC officials acted with deliberate indifference by allowing overcrowding, failing to take reasonable measures to protect Crow from violence at

---

[1]The facts are disputed as to what precipitated the attack. Crow contends he was the victim of an unprovoked attack while the FCDC officials contend Crow made provocative remarks. For purposes of our review, we accept the facts as alleged by Crow.

the hands of other detainees, and disregarding Crow's safety and medical needs, all in violation of the Eighth Amendment. None of the defendants was on duty or even present at the FCDC when Crow was classified, placed in cell 305, and assaulted.

## II.    DISCUSSION

Ordinarily, there is no appeal from a trial court order denying summary judgment. Moore v. Duffy, 255 F.3d 543, 545 (8th Cir. 2001). However, we do have limited authority through interlocutory appeals to review the denial of qualified immunity. Johnson v. Jones, 515 U.S. 304, 311 (1995). Such review is limited to issues of law raised by the denial. Moore v. Briggs, 381 F.3d 771, 772 (8th Cir. 2004). "[A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." Johnson, 515 U.S. at 319-20. "'[T]he appealable issue is a purely legal one: whether the facts alleged . . . support a claim of violation of clearly established law.'" Id. at 313 (quoting Mitchell v. Forsyth, 472 U.S. 511, 528 n.9 (1995)). Accordingly, at this point, we may not assume any fact asserted by the FCDC officials which the district court has deemed to be genuinely disputed. Parks v. Pomeroy, 387 F.3d 949, 954 (8th Cir. 2004).

Qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A court required to rule upon the qualified immunity issue must first consider the threshold question of whether, construed in the light most favorable to the party asserting the injury, the facts alleged show the officers' conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."

Id. Only if a violation could be made out on a favorable view of the parties' submissions, do we take the next step and ask whether the right was clearly established. Id. at 201. For these inquiries, we conduct a de novo review. Parks, 387 F.3d at 954.

We first consider whether the facts as alleged show the FCDC officials' conduct violated a constitutional right. As a pretrial detainee, Crow's claims against the FCDC officials are analyzed under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003). The FCDC officials violated Crow's due process rights if the FCDC's conditions of confinement constituted punishment. Id. However, because, "[u]nder the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment," we apply the identical deliberate-indifference standard as that applied to conditions-of-confinement claims made by convicts. Id. (quoting City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)); see also Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has held that the Eighth Amendment requires prison officials to take "reasonable measures to guarantee the safety of the inmates [and] . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted). In order to establish a constitutional violation, Crow must show: (1) that his incarceration in cell 305 posed a substantial risk of serious harm (objective component), and (2) the FCDC officials actually knew of but disregarded, or were deliberately indifferent to, Crow's health or safety (subjective component). Pagels v. Morrison, 335 F.3d 736, 740 (8th Cir. 2003); Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998).

For purposes of this appeal we assume that Crow's incarceration in cell 305 posed a substantial risk of serious harm to Crow and that the FCDC officials were aware of the risk. However, we reverse the district court's denial of qualified immunity because, as a matter of law, the facts alleged by Crow do not establish that the FCDC officials disregarded any known risk alleged by Crow.

To satisfy the subjective element of Crow's Eighth Amendment claim, the FCDC officials "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." Farmer, 511 U.S. at 837. "In short, [Crow] must show that [the FCDC officials] acted, or failed to act, with 'deliberate indifference' to the safety of [Crow]." Pagels, 335 F.3d at 740 (quoting Farmer, 511 U.S. at 837). "'[D]eliberate indifference includes something more than negligence but less than actual intent to harm'; it requires proof of a reckless disregard of the known risk." Jackson, 140 F.3d at 1152 (quoting Newman v. Holmes, 122 F.3d 650, 653 (8th Cir. 1997)).

Crow alleges that the FCDC officials failed to keep adequate records. He also alleges that the facility was overcrowded, poorly supervised and understaffed and that the detainees were inadequately classified. All of this, he claims, contributed to the June 2001 incident in cell 305 and provides evidence of the reckless disregard of a known risk sufficient to constitute deliberate indifference. The district court held that the reasonableness of the FCDC officials' actions in response to the known risks at the facility was a jury question. We disagree. At most, Crow's allegations show that the FCDC officials may have acted unreasonably in failing to take particular measures to improve the conditions at the facility, but that does not rise to the level of deliberate indifference. Even if they were unreasonable, and might have done various things to prevent the blow Crow endured, "reasonableness is a negligence standard" and negligence cannot give rise to an Eighth Amendment failure-to-protect claim. Id.

"The Supreme Court has generously construed qualified immunity protection to shield 'all but the plainly incompetent or those who knowingly violate the law.'" Davis v. Hall, 375 F.3d 703, 711-12 (8th Cir. 2004) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)). "'Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.'" Id. at 712 (quoting Maciariello v. Sumner, 973 F.2d 295, 298 (4th Cir. 1992)). "A prison official's duty under the Eighth Amendment is to ensure reasonable safety, a standard that incorporates due regard for prison officials' unenviable task of keeping dangerous men in safe custody under humane conditions." Farmer, 511 U.S. at 844-45 (quotations omitted).

Crow alleges, at most, institution-wide deficiencies which were known to these supervisory officials but over which they had only partial control. On these facts, we refuse to hold supervisory jail officials liable for acts that may or may not have contributed to Crow's injury in June of 2001. In short, there is no record evidence of anything beyond the FCDC officials' simple negligence. Thus, on the facts taken in the light most favorable to Crow, he has not made out a constitutional violation.

## III. CONCLUSION

We reverse that part of the district court's order denying qualified immunity to the FCDC officials, and remand the case for further proceedings consistent with this opinion.

SMITH, Circuit Judge, dissenting.

I am unable to join the panel's decision. The district court ruled that there remain material factual disputes regarding the FCDC officials' knowledge and conduct. It is my view that, under our applicable precedents, we cannot review the denial of summary judgment on the issue of qualified immunity in this interlocutory appeal.

Our jurisdiction to review the denial of summary judgment in qualified immunity cases is limited. *Johnson v. Jones*, 515 U.S. 304 (1995); *see also Parks v. Pomeroy*, 387 F.3d 949 (8th Cir. 2004); *Krein v. Norris*, 309 F.3d 487, 489 (8th Cir. 2002). In *Johnson*, the Court held "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson*, 515 U.S. at 319–20. The Court reasoned that "the appealable issue is a purely legal one: whether the facts alleged support a claim of violation of clearly established law." *Id.* at 313 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 528 n.9 (1995)).

In *Krein*, we applied *Johnson* and held that "summary judgment is not appropriate when there is a genuine issue of material fact surrounding the question of the plaintiff's or defendant's relevant *conduct*-because, under those circumstances, the court cannot determine as a matter of law what predicate facts exist in order to decide whether or not the defendant's conduct violated clearly established law." *Krein*, 309 F.3d at 493 (emphasis in original). We concluded that interlocutory appellate jurisdiction was lacking over the district court's determination that there remain genuine issues of material fact and challenges to the sufficiency of the plaintiff's evidence to support that conclusion. *Id.*

In this case, Crow specifically alleged that FCDC was increasingly and unreasonably unsafe due to chronic overcrowding and that the FCDC officials were aware and had even acknowledged these facts. Crow also alleged that the unreasonable danger to detainees due to overcrowding was exacerbated by under-staffing of trained personnel to provide reasonable safety to detainees. Finally, Crow alleged that the FCDC officials acted with deliberate indifference in allowing over-crowding, failing to take reasonable measures to protect Crow from violence at the hands of other detainees, and showed deliberate indifference to Crow's safety and medical needs. The district court found that the facts respecting the subjective

knowledge of the FCDC officials and their actions in response to what they knew were genuinely disputed and thus not sufficiently conclusive to entitle the FCDC officials to summary judgment. This is precisely the type of case we are unable to hear on interlocutory appeal under both *Johnson* and *Krein.*

As the majority correctly notes, an Eighth Amendment failure-to-protect claim requires proof greater than negligence. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The plaintiff must show that the defendants subjectively knew that an excessive risk to detainees existed and that they disregarded that risk. *Id.* The proper question under an analysis for deliberate indifference is whether the FCDC officials intended to avoid taking action that would have addressed the known serious risk of harm to Crow or purposely took ineffective action. *See Farmer*, 511 U.S. at 842. Alleging and showing the FCDC officials failed to respond reasonably is insufficient under *Farmer* to establish deliberate indifference.

If the facts required to determine whether the FCDC officials are entitled to qualified immunity are not genuinely in dispute, we have jurisdiction and may resolve the question as a matter of law. *Prosser v. Ross*, 70 F.3d 1005 (8th Cir. 1995). However, in this case, the district court has definitively found that material factual disputes exist regarding the FCDC officials' knowledge and conduct. The FCDC officials raise sound arguments that upon further factual development could prove meritorious for the application of qualified immunity, but at this stage of the litigation, it is not our call.

For the foregoing reasons, I respectfully dissent.

_____