# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3999

_____

James B. Geitz,                          *
                                         *
            Plaintiff - Appellee,        *
                                         *
      v.                                 *
                                         *   Appeal from the United States
Gene Overall,                            *   District Court for the
                                         *   Eastern District of Missouri.
            Defendant,                   *
                                         *        [UNPUBLISHED]
Terry Barnes,                            *
                                         *
            Defendant - Appellant.       *

_____

Submitted: June 20, 2005
Filed: July 5, 2005

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

      In this interlocutory appeal, Terry Barnes, mail room supervisor at Missouri's
Moberly Correctional Center (MCC), appeals the district court's[1] order denying her
motion for summary judgment based on qualified immunity. We dismiss the appeal.

_____

      [1]The Honorable E. Richard Webber, United States District Court Judge for the
Eastern District of Missouri.

# I

The facts, viewed in the light most favorable to the non-moving party, establish the following. See Boerner v. Brown & Williamson Tobacco Corp., 260 F.3d 837, 841 (8th Cir. 2001). In 1986, James B. Geitz was convicted in Missouri state court of burglary, robbery, sodomy and attempted murder. He was sentenced to twenty-seven years imprisonment. From 1996 to 2003, he was incarcerated at MCC. In 1996, Geitz filed for post-conviction relief in Missouri state court. Soon thereafter, Geitz discharged his attorney and moved for the appointment of new counsel. In the course of those proceedings, the clerk of court mailed Geitz a questionnaire inquiring into his financial condition to determine whether he qualified for appointed counsel. In September 1997, Geitz wrote to the clerk's office asking for clarification of the form. He addressed the letter to the clerk's office, affixed the appropriate postage, and deposited it in the prison mail room. In October 1997, Geitz sent a second letter to the clerk's office requesting a response to his September 1997 correspondence.

In November 1997, Geitz prepared a large envelope containing, among other things, a motion to proceed in forma pauperis, a certified statement of his financial condition and an affidavit of indigency. As with the September 1997 letter, Geitz addressed the envelope to the clerk's office, affixed the necessary postage, and deposited the envelope in the prison mail room.

In December 1997, the court issued an order denying Geitz's motion for appointment of counsel and stating the only communication it had received from Geitz was his October 1997 letter. Geitz alleges the September 1997 letter and November 1997 envelope never made it to the clerk's office because Barnes intentionally interfered with their delivery. Geitz further alleges he was prejudiced because when the court did not receive his financial information it denied his motion for appointment of counsel. According to Geitz, the failure of the court to appoint

counsel left him ill prepared to present his post-conviction arguments, resulting in the denial of post-conviction relief.

Geitz brought suit against Barnes and four other defendants alleging violations of 42 U.S.C. §§ 1983, 1985, and 1988.  In particular, Geitz alleged Barnes violated his civil rights by depriving him of due process and meaningful access to the courts. Barnes moved for summary judgment arguing she was protected by qualified immunity, and there was no evidence to support Geitz's claim she intentionally interfered with the delivery of his legal mail.

The district court concluded there was evidence showing Geitz mailed the items to the clerk's office but they never arrived.

> [A] finder of fact could infer from the circumstantial evidence that the mail was sent but never received because Defendant Barnes did intentionally fail to send out the two pieces of mail.  Therefore, a genuine issue of material fact remains in dispute, preventing the Court from entering summary judgment.

Dist. Ct. Order at 8.

On appeal, Barnes argues there is no evidence she intentionally interfered with Geitz's legal mail and he has failed to show he suffered any prejudice from the alleged interference.

II

Generally, we have no jurisdiction to consider an appeal from a trial court's order denying summary judgment. Crow v. Montgomery, 403 F.3d 598, 601 (8th Cir. 2005). We do, however, have limited authority to consider interlocutory appeals from the denial of qualified immunity.  Id. (citing Johnson v. Jones, 515 U.S. 304, 311

(1995)). In such cases, "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." Johnson, 515 U.S. at 319-20. Thus, our review on interlocutory appeal from the denial of qualified immunity is limited to issues of law. Crow, 403 F.3d at 601. "[T]he appealable issue is a purely legal one: whether the facts alleged . . . support a claim of violation of clearly established law." Johnson, 515 U.S. at 319-20 (quoting Mitchell v. Forsyth, 472 U.S. 511, 528 n.9 (1985)).

"Qualified immunity is a question of law not a question of fact. The threshold issue in a qualified immunity analysis is whether the facts viewed in the light most favorable to plaintiff show that the state actor's conduct violated a federal constitutional or statutory right." McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005) (footnote omitted). "[T]he second step is to ask whether the (violated) right was 'clearly established.'" Id. (citation omitted).

Geitz alleges Barnes intentionally interfered with his legal mail, thereby depriving him of his clearly established right to meaningful access to the courts. Barnes does not contend Geitz's allegations are insufficient to allege the violation of a federal constitutional right. Indeed, she concedes Geitz has a clearly established right to meaningful access to the courts. See Saucier v. Katz, 533 U.S. 194, 202 (2001) (holding a right is clearly established when "it would be clear to a reasonable officer that his conduct was unlawful in the situation . . . confronted."). Instead, Barnes argues the evidence "is not sufficiently probative to raise a genuine issue of material fact concerning [her] handling of plaintiff's mail." Appellee's Brief at 11. The district court, however, found there was a genuine issue of fact as to whether Barnes intentionally interfered with Geitz's mail. Because Barnes "may not appeal [the] district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial," id., the appeal is not properly before us and must be dismissed.

## III

Because we lack jurisdiction to consider this interlocutory appeal, the appeal is dismissed.

_____