# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2141

_____

Kevin Lee Austin,                                    *
                                                     *
          Appellant,                                 *
                                                     *    Appeal from the United States
     v.                                              *    District Court for the
                                                     *    Eastern District of Arkansas.
Craighead County Jail; Bill Clayton,                 *
Deputy Sheriff, Craighead County                     *    [UNPUBLISHED]
Sheriff's Department; Norris Watkins,                *
Administrator, Craighead County Jail;                *
Matt Vaughn, Assistant Administrator,                *
Craighead County Jail; Matthew D.                    *
Whitley, Deputy Sheriff, Craighead                   *
County Sheriff's Department; Lillard,                *
Deputy Sheriff, Craighead County                     *
Sheriff's Department; Branch, Deputy                 *
Sheriff, Craighead County Sheriff's                  *
Department; Jodie Miller, Deputy                     *
Sheriff, Craighead County Sheriff's                  *
Department; Richerson, Deputy Sheriff,               *
Craighead County Sheriff's                           *
Department; S. M. Blanchard,                         *
Physician with Craighead County                      *
Sheriff's Department; Steve Metcalf,                 *
Paramedic with Craighead County Jail,                *
                                                     *
          Appellees.                                 *

_____

Submitted: July 7, 2006
Filed: July 12, 2006

_____

Before COLLOTON, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Kevin Austin, a federal inmate formerly housed at the Craighead County Jail, brought a 42 U.S.C. § 1983 action claiming Eighth Amendment violations by jail personnel. He alleged, as relevant, that while he was in administrative segregation, bare electrical wires in his cell touched his bed sheet and made it "explode," injuring his eyes and causing him to lose his sight for about an hour; and that he was not examined by the jail doctor until the next day, and was not referred to an eye specialist. Following a bench trial, the district court[1] dismissed the case with prejudice. Austin appeals.

We find no basis for reversal. See Estate of Davis v. Delo, 115 F.3d 1388, 1393-94 (8th Cir. 1997) (standard of review); United States v. Martin, 28 F.3d 742, 745-46 (8th Cir. 1994) (district court's determination as to credibility of witness is virtually unreviewable on appeal). Even assuming there was electricity in the wires in Austin's cell, as he alleged, the testimony showed that the defendant jail administrator believed the power to the wires had been cut off, and Austin did not show that defendants actually knew of and disregarded, or were deliberately indifferent to, a risk to his safety. See Farmer v. Brennan, 511 U.S. 825, 832-33, 837 (1994); Crow v. Montgomery, 403 F.3d 598, 601-02 (8th Cir. 2005). Further, Austin did not prove he was denied adequate medical care while at the jail. He saw the jail doctor the day following his alleged injury and again twenty days later; because the examinations were normal, the doctor did not believe referral to an eye specialist was warranted, and he prescribed eye drops in an attempt to alleviate Austin's reported symptoms. See Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (mere

_____

[1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

disagreement with course of medical treatment was insufficient to state Eighth Amendment claim).  In addition, Austin saw an eye doctor after he was transferred to federal custody, and he did not offer any evidence that he was harmed by the delay in seeing a specialist.  See Sherrer v. Stephens, 50 F.3d 496, 496-97 (8th Cir. 1994) (per curiam).

Austin specifically abandoned at trial any claim regarding his placement in administrative segregation, and his complaints about the performance of his attorney are not cognizable in this civil action, see Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998).

Accordingly, we affirm, and we deny Austin's motion for appointment of counsel.

_____