# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1808

_____

Carl D. Jackson,                           *
                                           *
           Appellant,                      *
                                           *
      v.                                   *    Appeal from the United States
                                           *    District Court for the
Jennifer Douglas, Nurse, East              *    Eastern District of Arkansas.
Arkansas Regional Unit, ADC,               *
                                           *    [UNPUBLISHED]
           Appellee,                       *
                                           *
Spears, Nurse, Arkansas Department of      *
Correction; Winford, Manager, East         *
Arkansas Regional Unit, ADC;               *
Fitzgerald, Manager, East Arkansas         *
Regional Unit, ADC; Bybee, Head            *
Manager, Correctional Medical              *
Services; - Bell, Manager, Pine Bluff      *
Unit, ADC,                                 *
                                           *
           Defendants,                     *
                                           *
Correctional Medical Services, Inc.;       *
Kelly Taylor, Nurse, East Arkansas         *
Regional Unit; Dorothy Yarbrough,          *
Manager, East Arkansas Regional            *
Unit, ADC (originally sued as              *
Yarbrough),                                *
                                           *
           Appellees.                      *

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Arkansas inmate Carl Jackson appeals the district court's[1] grant of summary judgment to defendants Jennifer Douglas, Kelly Taylor, Dorothy Yarbrough, and Correctional Medical Services (CMS) in his 42 U.S.C. § 1983 action. Jackson claimed that defendants violated his rights under the Eighth and Fourteenth Amendments by showing deliberate indifference to his medical needs while he was incarcerated at the East Arkansas Regional Unit (EARU). He specifically alleged that Douglas and Taylor failed to provide ordered medical treatment for boils on his arm and chest, and that Yarbrough and CMS failed to ensure adequate staffing at EARU and training of CMS employees.

Having carefully reviewed the record, see Alberson v. Norris, 458 F.3d 762, 765 (8th Cir. 2006), we conclude that summary judgment was proper. Jackson failed to submit evidence showing that daily treatment of his boils constituted an objectively serious medical need or an acute or escalating condition which defendants ignored, and defendants' evidence indicates that medical staff at EARU provided Jackson with appropriate medical treatment. See Dulany v. Carnahan, 132 F.3d 1234, 1237-40 (8th Cir. 1997) (to prevail on Eighth Amendment claim of deliberate indifference, plaintiff must demonstrate objectively serious medical need that defendants actually knew of but deliberately disregarded; in face of medical records indicating treatment was

---

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

provided and physician affidavits indicating care provided was adequate, inmate cannot create question of fact by merely stating he did not feel he received adequate treatment); Sherrer v. Stephens, 50 F.3d 496, 496-97 (8th Cir. 1994) (per curiam) (to show deliberate indifference, plaintiff must submit evidence that, inter alia, defendants ignored acute or escalating condition, given type of injury at issue). Because no constitutional violation occurred in connection with Jackson's medical treatment, Jackson's claims against CMS and Yarbrough also fail. See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993) (corporation acting under color of state law will be held liable only for its own unconstitutional policies that inflict injury actionable under § 1983); Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires causal link to, and direct responsibility for, alleged deprivation of rights).

     Accordingly, we affirm the district court's judgment.

_____