# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-2869
_____

Duke Grider; Kami Lee Grider

*Plaintiffs - Appellees*

v.

B. Bowling

*Defendant - Appellant*

J. Dougherty; Off. E. Reece; Paul William; City of Springfield, Missouri

*Defendants*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: April 14, 2015
Filed: May 11, 2015

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

Duke Grider ("Grider") and Kami Lee Grider filed this action pursuant to 42 U.S.C. § 1983 and Missouri state law claiming officers of the Springfield Police

Department violated Grider's statutory and constitutional rights, in part by using excessive force. The parties filed motions for summary judgment. As relevant to this appeal, the district court found Officer Brandon Bowling was not entitled to qualified immunity on the excessive force claim. Officer Bowling appeals. We reverse.

I

Pursuant to the proper standard of review, described below, the following are the facts as most favorable to the Griders. Grider, his wife Kami Grider, and his son were at a Taco Bell when an argument occurred between Grider and another patron. The police were called, and the Griders crossed the street to eat their food in their vehicle. Officer Bowling was the first officer to arrive. Officer Bowling approached Grider, who was wearing a knife on his hip, and asked Grider to exit his vehicle; Grider declined. Officer Bowling forcibly removed Grider, placed Grider on the ground with his knee on Grider's back, and handcuffed Grider.

While Grider was held on the ground by Officer Bowling, Officer Eric Reece arrived in his vehicle. Officer Reece ran toward Officer Bowling and Grider and kicked Grider in the head. Officers Bowling and Reece did not communicate before the kick and Officer Bowling did not act to prevent the kick. Grider suffered contusions and abrasions on his face, and the kick caused neck pain and restriction of movement which persisted at least two years. Kami Grider suffered emotional distress and problems with her pregnancy. Officer James Dougherty arrived at the scene sometime after Grider was handcuffed and the kick had occurred. Grider had an open fifth of whiskey in his vehicle which the officers poured out at the scene.

The Griders filed the present civil rights suit alleging various violations of their constitutional rights and of state law, including excessive force, unlawful arrest, and unlawful seizure. The suit named as defendants the City of Springfield, Police Chief Paul Williams, and the three officers present at the scene: Bowling, Reece, and

Dougherty. The defendants moved for summary judgment, arguing they were entitled to qualified immunity. The Griders filed a cross-motion for partial summary judgment. The district court denied the Griders' motion for partial summary judgment, and granted in part and denied in part the defendants' motion for summary judgment. The district court's order left remaining (1) the Griders' Fourth Amendment claim for excessive force against Officers Bowling and Reece; and (2) the Griders' state-law assault claim against Officers Bowling and Reece. Officer Bowling now appeals, arguing he is entitled to qualified immunity on the excessive force claim.[1]

II

This matter comes before the Eighth Circuit on an interlocutory appeal, and falls under the collateral order doctrine. Mettler v. Whitledge, 165 F.3d 1197, 1202 (8th Cir. 1999); Mitchell v. Forsyth, 472 U.S. 511, 525, 530 (1985). A denial of summary judgment on the issue of qualified immunity is immediately appealable to the "extent that it turns on an issue of law." Brown v. Fortner, 518 F.3d 552, 557 (8th Cir. 2008). When the question presented on appeal is whether, as a matter of law, no

_____

[1]The sole question presented in this interlocutory appeal is whether the district court erred in denying qualified immunity to Officer Bowling on the Griders' excessive force claim. "The interlocutory appeal for denial of qualified immunity is a vehicle with limited capacity and cannot accommodate other interlocutory appellate arguments unless they are 'inextricably intertwined' with the defense of qualified immunity." White v. McKinley, 519 F.3d 806, 815 (8th Cir. 2008) (quoting Eagle v. Morgan, 88 F.3d 620, 628 (8th Cir. 1996)). Although the Griders did not file a cross-appeal or ask this Court to exercise pendant jurisdiction over their claims, the Griders expend substantial effort arguing a violation of Terry v. Ohio, 392 U.S. 1 (1968), and an unlawful seizure of the whiskey. Even if those questions had been properly presented, we could not exercise jurisdiction because they are not "inextricably intertwined with the question of qualified immunity" as each "requires entirely different analysis" than the analysis required to determine whether Officer Bowling is entitled to qualified immunity on the excessive force claim. White, 519 F.3d at 815. The Griders may appeal those issues if and when there is a final and appealable order.

constitutional violation occurred, a legal question exists which this Court can consider. Crow v. Montgomery, 403 F.3d 598, 601 (8th Cir. 2005); id. at 604 (Smith, J., dissenting) ("If the facts required to determine whether the [defendants] are entitled to qualified immunity are not genuinely in dispute, we have jurisdiction and may resolve the question as a matter of law."). We believe the facts required to determine whether Officer Bowling is entitled to qualified immunity are not genuinely in dispute. We therefore have jurisdiction.

The Court reviews a district court's qualified immunity determination on summary judgment *de novo*. Davis v. Hall, 375 F.3d 703, 711 (8th Cir. 2004). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether there is any genuine factual dispute, the court must look at the record and any inferences drawn therefrom in the light most favorable to the Griders, the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Officer Bowling is entitled to qualified immunity unless he violated Grider's "clearly established statutory or constitutional rights." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Grider puts forward several theories of liability: (1) Officer Bowling used excessive force removing Grider from the vehicle and placing him on the ground; (2) Officer Bowling is liable for the kick of Officer Reece; and (3) Officer Bowling is liable for nonfeasance because of his failure to prevent the kick. None of these theories is successful.

Grider alleges Officer Bowling used excessive force in violation of the Fourth Amendment incident to arrest. "Police officers undoubtedly have a right to use some degree of physical force, or threat thereof, to effect a lawful seizure, and reasonable applications of force may well cause pain or minor injuries with some frequency." Chambers v. Pennycook, 641 F.3d 898, 907 (8th Cir. 2011) (internal citation omitted).

-4-

The dispositive question is whether the officer's conduct was objectively reasonable under the circumstances, as judged from the perspective of a reasonable officer on the scene at the time the force was applied. Id. The degree of injury suffered in an excessive-force case "is certainly relevant insofar as it tends to show the amount and type of force used." Id. at 906; see also Johnson v. Carroll, 658 F.3d 819, 830 (8th Cir. 2011) (finding force not excessive in part because the plaintiff "sustained no injury"). In this case, Grider alleges no injuries occurred from Officer Bowling's actions and Grider's account of the incident does not demonstrate Officer Bowling's use of force was excessive, particularly in light of Grider's refusal to exit his vehicle voluntarily and his possession of a knife. We determine as a matter of law Officer Bowling did not use excessive force removing Grider from his vehicle and placing him on the ground, without injury, in these circumstances.

Grider does allege injuries from Officer Reece kicking him in the face. However, "[l]iability for damages for a federal constitutional tort is personal, so each defendant's conduct must be independently assessed. Section 1983 does not sanction tort by association." Smith v. City of Minneapolis, 754 F.3d 541, 547 (8th Cir. 2014) (internal quotation marks omitted). "'An officer may be held liable only for his or her own use of excessive force.'" Id. at 547-48 (quoting Smith v. Kan. City, Mo. Police Dep't, 586 F.3d 576, 581 (8th Cir. 2009)). Because Officer Bowling was "not involved in the allegedly unconstitutional acts" of Officer Reece, Officer Bowling could not have violated Grider's constitutional rights based on Officer Reece's use of excessive force. Heartland Acad. Cmty. Church v. Waddle, 595 F.3d 798, 805 (8th Cir. 2010).

Grider argues Officer Bowling is liable based on his duty to protect Grider from Officer Reece because Officer Bowling had a reasonable opportunity to intervene. It is "clearly established that an officer who fails to intervene to prevent the unconstitutional use of excessive force by another officer may be held liable for violating the Fourth Amendment." Nance v. Sammis, 586 F.3d 604, 612 (8th Cir.

2009). An officer can be liable for nonfeasance, "where the officer is aware of the abuse and the duration of the episode is sufficient to permit an inference of tacit collaboration." Krout v. Goemmer, 583 F.3d 557, 565 (8th Cir. 2009); see also Jennings v. Davis, 476 F.2d 1271, 1275 (8th Cir. 1973) (requiring an officer to "have had the duty, opportunity, or the ability to intervene"). Grider does not put forward any evidence showing Officer Bowling was aware of the kick before it occurred or had the opportunity "to take action to deescalate the situation." Nance, 586 F.3d at 612. We find relevant Grider's testimony that Officer Reece said nothing before he kicked Grider. We also find relevant Grider's testimony that there was only one kick. We determine as a matter of law Officer Bowling cannot be liable for nonfeasance under the circumstances of this case.

## III

The judgment of the district court is reversed and Officer Bowling is entitled to qualified immunity as a matter of law.

_____